IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRIEDRICH LU, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 22-3633 |
| COMCAST CABLE COMMUNICATIONS, LLC. : | |

**SURRICK, J.**                                                                                                   **OCTOBER 27, 2023**

## MEMORANDUM

Presently before the Court is Defendant Comcast Cable Communications, LLC's ("Comcast") Motion to Dismiss for Failure to Properly Serve and to State a Claim. (Mot., ECF No. 7.) For the following reasons, the Motion is granted.

**I.    BACKGROUND**

In his Amended Complaint, Plaintiff Friedrich Lu, who resides in Boston, MA, alleges that an unnamed federal employee "hacked or snooped on" a Google account containing his emails and documents. (Amend. Compl., ECF No. 5, ¶ 3.) Lu claims that he reached out to Comcast with the internet protocol ("IP") address of the hacker but received no assistance in tracking down the hacker. (*Id.*) Instead, Comcast allegedly "aided and abetted the hacker, pledging to conceal the identity among other things." (*Id.*) Lu alleges that Comcast therefore violated federal and Massachusetts law, 18 U.S.C. § 2511(1)(a) and Mass. Gen. Laws ch. 272, § 99(C)(1). (*Id.*; *see also* ECF No. 25.)

The parties dispute whether Comcast was validly served. According to an affidavit from Comcast employee Chelsey Adams, on October 12, 2022, Lu and a process server walked into an Xfinity retail store in Boston, where Comcast promotes and sells its products and services, and approached Adams. (Aff., ECF No. 7-1, ¶¶ 3, 5.) After Lu stated that he was there to serve

Comcast, Adams told Lu that she was not authorized to accept service on behalf of Comcast. (*Id.* at ¶ 6.) In response, Lu directed his process server to leave the process papers on a couch in the store, which he did, and both left. (*Id.* at ¶ 8.) Adams, an assistant store manager, has indicated that the principal store manager was "on-site but in the back room during the time [Lu] and the process server were inside the store" and that neither man "addressed or attempted to address the Store Manager." (*Id.* at ¶¶ 1, 9.) Lu, for his part, states that when he walked into the store, he first approached a different employee, told him that he was there to serve papers for his lawsuit, and was directed to Adams, whom the employee referred to as a "manager." (*See* "Pl.'s Opp.," ECF No. 10, ¶ 3(ii).)

Comcast has moved to dismiss Lu's complaint on two bases: (1) Fed. R. Civ. P. 12(b)(5), for failure to properly serve Comcast; and (2) Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. (Mot., 4–13.)

## II.     LEGAL STANDARD

When a motion to dismiss is filed pursuant to Fed. R.Civ .P. 12(b)(5), "the party making the service has the burden of demonstrating its validity when an objection to the service is made." *Suegart v. U.S. Customs Serv.*, 180 F.R.D. 276, 278 (E.D. Pa. 1998). "That party must do so by a preponderance of the evidence using affidavits, depositions, and oral testimony." *Fortes v. Boyertown Area Sch. Dist.*, No. 12-6063, 2014 WL 3573104, at *3 (E.D. Pa. July 18, 2014).

With respect to Rule 12(b)(6), "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. ANALYSIS

#### A. Rule 12(b)(5): Insufficient Service of Process

A corporation such as Comcast may be served by either: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *See* Fed. R. Civ. P. 4(h)(1), (e)(1). In Pennsylvania, a corporation such as Comcast may be served by delivering a copy of the complaint and summons to

> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. In Massachusetts, a corporation may be served (1) "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any" or (2) "by delivering such copies to any other agent authorized by appointment or by law to receive service of process, provided that any further notice required by law be given." Mass. R. Civ. P. 4(d)(2).

According to her affidavit, Adams is an assistant manager of a retail store and is not authorized to receive service on behalf of Comcast. (Aff., ¶¶ 1, 6.) Lu has presented no evidence that Adams was an officer or a managing or general agent of Comcast or was in fact

authorized by appointment, law, or writing to receive service on behalf of the corporation. *See* Mass. R. Civ. P. 4(d)(2); Pa. R. Civ. P. 424. Nor has he offered any evidence that she is "an executive officer, partner or trustee" of Comcast. *See* Pa. R. Civ. P. 424. The only evidence he presents concerns whether Adams was the "manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation." *See* Pa. R. Civ. P. 424.[1] However, he merely asserts that upon entering the Xfinity Store, an employee referred to Adams as a "manager." (*See* Pl.'s Opp., ¶ 3(ii).) Even assuming that this is valid evidence for proving proper service, *see Fortes*, 2014 WL 3573104, at *3, in light of the Adams' sworn affidavit that the principal manager of the Xfinity store was on site when Lu was present at the store, it does not show by a preponderance of evidence that Adams was in charge of the store. *Cf. Lin v. Pennsylvania Mach. Works, Inc.*, No. 97-5407, 1998 WL 111788, at *2 (E.D. Pa. Mar. 3, 1998) (granting a motion to dismiss for inadequate service because a secretary's affidavit that she was not in charge of her employer's place of business overcame the presumption of proper service created by the serving U.S. Marshal's affidavit stating that he "reasonably concluded" that the secretary was in charge); *Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 122 (3d Cir. 2018) (affirming the district court's dismissal for insufficient service where "[t]he record [was] bereft . . . of any evidence" that either of the individuals to which the process server gave the complaint and summons were "an officer, a managing or general agent, or an . . . agent authorized . . . to receive service of process" pursuant to Fed. R. Civ. P. 4(h)(1) or "that either one was 'in charge' of" a place of business pursuant to the New Jersey corporate service rule). Therefore, we conclude that Lu did not properly serve Comcast.

---

[1] The Boston Xfinity store is not Comcast's principal place of business, (Mot. at 3; Amend. Compl., ¶ 2.), so the Massachusetts rule is inapplicable. *See* Mass. R. Civ. P. 4(d)(2).

B.     **Rule 12(b)(6): Failure to State a Claim**

Comcast also argues that Lu has not alleged a plausible violation of either the federal statute or Massachusetts statute. (*Id.* at 9–13.) Specifically, the federal statute makes it unlawful for anyone to "intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). The Massachusetts statute is substantially similar, making it unlawful to "willfully commit[] an interception, attempt[] to commit an interception, or procure[] any other person to commit an interception or to attempt to commit an interception of any wire or oral communication." Mass. Gen. Laws ch. 272, § 99(C)(1).

Comcast maintains that Lu has not alleged any violation of either statute, as he only alleges that that Comcast "aided and abetted" the alleged hacker by "pledging to conceal the identity [of the hacker] among other things" in the aftermath of the alleged hacking. (*See* Mot. at 9–10, 12; Amend. Compl., ¶ 3.) That is, Comcast contends that Lu has not alleged that Comcast intentionally or willfully intercepted or hacked his Google account or actually procured the hacker to do so. (Mot. at 9–10, 12.) Moreover, Comcast argues that even assuming the conduct Lu alleges violates these statutes, his allegations merely amount to the kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that the Supreme Court has held do not raise a plausible claim for relief sufficient to survive a motion to dismiss. (*See id.* at 10, 13); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2]

We agree. Lu has not alleged a plausible violation of either the federal or Massachusetts statutes.

---

[2] Lu did not address any of these arguments in his response Comcast's Motion or in any of his subsequent filings. Rather, he simply attempted to counter Comcast's arguments that it was not properly served by Lu. (*See* Pl.'s Opp., ¶ 3.) Therefore, he has arguably waived both of his

IV.    **CONCLUSION**

For the forgoing reasons, Comcast's motion will be granted. Accordingly, Lu's complaint is dismissed without prejudice.

An appropriate order follows.

BY THE COURT:


*/s/ R. Barclay Surrick*
**R. Barclay Surrick, J.**

---

underlying claims. *See Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue."). However, the Third Circuit generally disfavors granting motions to dismiss as unopposed against *pro se* litigants. *See, e.g.*, *Jones v. Unemployment Comp. Bd. of Rev.*, 381 F. App'x 187, 189 (3d Cir. 2010); *Wiggins v. MacManiman*, 698 F. App'x 42, 43–44 (3d Cir. 2017).