IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRIEDRICH LU, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 22-3633 |
| COMCAST CABLE COMMUNICATIONS, LLC. : | |

## ORDER

**AND NOW**, this 27th day of October, 2023, upon consideration of the Motion of Defendant, Comcast Cable Communications, LLC, to Dismiss the Amended Complaint (ECF No. 7) and Plaintiff's opposition thereto and Cross-Motion for Sanction (ECF No. 10), it is **ORDERED** that Defendant's Motion is **GRANTED**, Plaintiff's Cross-Motion is **DENIED**,[1] and Plaintiff's First Amended Complaint (ECF No. 5) is **DISMISSED** *without prejudice*.

**IT IS FURTHER ORDERED** that:

1. Plaintiff's Motion to Strip Defendant's Attorney-Client Privilege and for Limited Discovery on Malfeasance (ECF No. 13) is **DISMISSED** as moot;

2. Plaintiff's Motion to Default Defendant for Forging Document (ECF No. 26) is **DENIED**;[2] and

3. Plaintiff's Motion to Sanction Defense Attorney Under 28 USC § 1927 (ECF No. 28)

---

[1] Under Federal Rule of Civil Procedure 11, "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Plaintiff has done neither. First, he included his motion for sanctions in his opposition brief to Defendant's Motion to Dismiss. Second, he does not allege any specific conduct that allegedly violates the rule. He simply casts aspersions, calling Defendant's motion "manufactured, made out of thin air and [] utterly frivolous;" quotes Rule 11(b); and contests Comcast's arguments regarding whether he properly served his complaint. (*See* ECF No. 10.) Plaintiff's motion is clearly deficient.

[2] Plaintiff accuses Defendant of forging an email that it attached to a letter it sent to the Court

is **DENIED**.[3]

    **IT IS SO ORDERED.**

**BY THE COURT:**

 /s/ R. Barclay Surrick  
**R. BARCLAY SURRICK, J.**

---

(ECF No. 23) in response to a filing by Plaintiff (ECF No. 22) alleging that Plaintiff was not properly served Defendant's Reply to Plaintiff's Motion to Strip Defendant's Attorney-Client Privilege (ECF No. 14). The email was from the assistant to Defendant's counsel and attached Defendant's Reply. (*See* ECF No. 23-1.) Plaintiff has presented no evidence that this email was forged. In any event, this would not be a valid reason to seek a default judgement. Under Federal Rule of Civil Procedure 55, a default judgment cannot be entered until the Clerk of Court enters a default. Fed. R. Civ. P. 55; *see also Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) ("Entry of a default is a prerequisite to entry of a default judgment under Rule 55(b)."). The rule instructs the Clerk to enter a default if it is shown by "affidavit or otherwise" that the party against whom the default is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Clerk has entered no such default, as Comcast has defended itself throughout the course of this litigation.

[3] Plaintiff has moved to hold Defendant's counsel liable under 28 U.S.C. § 1927. He seems to allege that counsel repeatedly and falsely claimed that Plaintiff was served Defendant's Reply to Plaintiff's Motion to Strip Defendant's Attorney-Client Privilege (ECF No. 14) and again alleges that counsel forged the email attached to ECF No. 23. (*See* ECF No. 28, ¶ 2.) Under 28 U.S.C. § 1927, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The party seeking to impose sanctions under this statute has the burden of proving bad faith by clear and convincing evidence. *See Deardorff v. Cellular Sales of Knoxville, Inc.*, No. 19-2642, 2023 WL 3767734, at *7–8 (E.D. Pa. June 1, 2023); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 469 F. Supp. 3d 357, 360 (E.D. Pa. 2020). Plaintiff has not presented any evidence for his claims and has therefore not met his burden.